**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SALLY LUCERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3014 |
| | § | |
| FEDERAL BUREAU OF PRISONS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

**I.     Background**

Petitioner Sally Lucero brings this action seeking habeas corpus relief under 28 U.S.C. § 2241. Lucero pleaded guilty and received a sentence that included a recommendation from the district judge for placement in the Intensive Confinement Center (ICC) or Boot Camp Program. Had she successfully completed that program, she would have served a significant portion of her sentence in a halfway house. On January 5, 2005, Harley Lappin, the BOP Director, cancelled the ICC program without advance notice to Lucero or to the United States courts. Lucero has remained in the general prison population. She alleges that the cancellation of the program violated the notice-and-comment requirements for agency rulemaking under the Administrative Procedure Act, 5 U.S.C. § 553, and violated the Due Process Clause and the Ex Post Facto Clause of the United States Constitution, frustrating Lucero's expectation and the sentencing court's intent that the program would be available to her. Lucero asks this court to correct her sentence and order the Bureau of Prisoners to provide her with a "similar if not identical sentencing benefit, such as halfway house

placement or home confinement."

## II.   Analysis

The boot camp program was authorized by statute in 1990. 18 U.S.C. § 4046. Congress authorized the Bureau of Prisons to "place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30, months." 18 U.S.C. § 4046(a). The shock incarceration program, the federal boot camp program, and the Intensive Confinement Center are synonymous. *Castellini v. Lappin*, 365 F. Supp. 2d 197, 198 (D. Mass. 2003).

Boot camp was only available to inmates who faced sentences for more than 12 but not more than 30 months. Boot camp placement was within the "sound correctional judgment" of the BOP and depended on the "availability of Bureau resources." 28 C.F.R. § 524.31(b). Boot camp required strict discipline, physical training, hard labor, drill, military-type ceremonies, and participation in job training and educational programs. 18 U.S.C. § 4046. Successful completion of the boot camp program could entitle an inmate to early release consideration. 28 C.F.R. §§ 524.30–524.33 (2004). An inmate who successfully completed the institution-based component of the program ordinarily would be eligible to serve the remainder of the sentence in a community-based setting. 28 C.F.R. § 524.32(d). An inmate who successfully completed the community-based program and had a period of supervised release to complete would be eligible for up to a six-month reduction in the sentence. 28 C.F.R. § 524.32(d).

In January 2005, the BOP terminated the boot camp program, citing budgetary reasons

and a determination that the program had proven ineffective to reduce recidivism. *Alpert v. Lappin*, 2005 WL 1610718, *1 (M.D. Fla. Jul. 5, 2005). Simon is but one of a number of inmates to challenge this decision under 28 U.S.C. § 2241.

Congress and the Attorney General granted the BOP authority to administer the federal prison system. 18 U.S.C. §§ 4001, 3621 (granting Executive Branch authority to administer the federal prison system); 18 U.S.C. § 4042 (Attorney General's delegation of authority to BOP). Under 18 U.S.C. § 3621(b), the Bureau of Prisons has the authority to decide the place of the prisoner's imprisonment. "[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence." *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3d Cir. 2000) (emphasis omitted). In *United States v. Addonizio*, 442 U.S. 178 (1979), the Supreme Court held that a prisoner's expectation that he would serve his sentence in a particular way or in a particular place provided no basis for collateral relief. The Fifth Circuit has stated that "only the Bureau of Prisons has the actual authority to designate the place of incarceration. The Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences." *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993) (citations omitted). Placement in the boot camp program is within the "sound correctional judgment" of the Bureau of Prisons and depends on the "availability of Bureau resources." 28 C.F.R. § 524.31(b). Consideration for placement in the ICC program is solely within the BOP's discretion. *Id.*; *Gissendanner v. Menifee*, 975 F. Supp. 249, 251 (W.D. N.Y. 1997).

Article III standing has three elements: "First, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *United States v. Hays*, 515 U.S. 737, 742–43 (1995) (internal quotations omitted). The Fifth Circuit stated that "[s]tanding is a jurisdictional requirement that focuses on the party seeking to get his or her complaint before a federal court and not on the issues he or she wishes to have adjudicated." *James v. City of Dallas, Texas*, 254 F.3d 551, 562 (5th Cir. 2001). A petitioner must "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 490 (1975).

In this case, Lucero's complaint asserts that the ICC Program at the Bryan Federal Prison Camp was cancelled before she had begun to participate. There is no basis to conclude that Lucero would have completed the rigorous program such that she would be entitled to the relief she seeks — to have this court correct her sentence by ordering the BOP to provide her with a sentence that would result in the same sentence that she would have achieved if the program had remained in effect, including a shorter period of incarceration, halfway house placement, and home confinement. Such a sentence could only be based on successful completion of the ICC Program.

To the extent Lucero directly challenges her sentence, this request for relief belongs in a motion under 28 U.S.C. § 2255 collaterally attacking her sentence. *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir.1990) (when a prisoner asserts errors that occurred at trial or sentencing, a motion under 28 U.S.C. § 2255 is the proper remedy); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (a petition under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is executed). A motion under 28 U.S.C. § 2255 should be presented to the sentencing judge. *See* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 4(a).

In so far as Lucero challenges the execution of her sentence, she has no Article III standing to pursue the relief she seeks. To have standing, a complainant must clearly allege facts demonstrating that she is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers. *Warth v. Seldin*, 422 U.S. 490, 508 (1975). Under the "injury in fact" element, allegations of speculative future injury are insufficient. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). A future injury satisfies the "imminence" requirement only if the injury is "certainly impending." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 n.3 (1992). The concept of imminence is intended to ensure that the plaintiff's alleged injury is not overly speculative. *Berner v. Delahanty*, 129 F.3d 20, 24 (1st Cir.1997) (citing *Defenders of Wildlife*, 504 U.S. at 564 n. 2). Lucero has suffered no injury in fact under the first element of standing because she has not, and cannot, shown that she would have successfully completed the program, a necessary condition for the relief she

seeks. 28 C.F.R. §§ 524.32(d); 524.33. *Cf. Alpert v. Lappin*, No. 05-2530, 2005 WL 1610718, *2 (M.D. Fla. July 5, 2005) (ruling on temporary restraining order request) (citing *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265–66 (11th Cir.2001)( "Even if [petitioner] had met the length-of-sentence requirement at that time such that she arguably suffered an injury in fact when the program was terminated, her future acceptance into the program is within the discretion of the Bureau of Prisons and thus the threat of future injury would be too speculative to find Article III standing to seek the prospective relief requested in Petitioner's Motion.").

Lucero also fails to meet the third part of the standing test because she has failed to allege facts showing that she "personally would benefit in a tangible way from the court's intervention." *Warth*, 422 U.S. at 508 (1975). The relief Lucero seeks is premised on her successful completion of the ICC Program. Her challenge to the execution of her sentence is essentially a request that this court order that she be deemed to have successfully completed the Boot Camp Program, which no longer exists. Lucero's claims, including her request for relief, are too speculative to meet the threshold requirement of Article III standing. Alternatively, her request for relief belongs in a motion under section 2255 not in this habeas corpus petition under 28 U.S.C. § 2241.

## III.   Conclusion

This petition is dismissed for lack of jurisdiction.  All pending motions and requests for relief are denied.

SIGNED on December 5, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge